UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

Case No.   **LA CV 13-00205-VBF**                Dated:       September 12, 2014

Title:   ***In re Erik Benham, Debtor***  (Erik Benham, Appellant v. First American Title Co., Fidelity National Title Co., Sequoia Equities Inc., Sequoia Financial Solutions IV LLC, Sequoia Debt Ventures Inc., Sequoia Ventures Group Inc., Inland Community Bank, California Funding, Roger Hoss, Ban Consulting Services LLC, and Nipomo Real Estate Group LLC, Appellees)

---

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

| None Present | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

   None Present                                                          None Present

**PROCEEDINGS (IN CHAMBERS):**     **ORDER**   Dismissing for Lack of Standing the Appeal of Three U.S. Bankruptcy Court Orders:

  (1)   **Nov. 29, 2012 Order** Dismissing First Amended Complaint ("FAC") Against Nine "Sequioa Defendants"

  (2)   **Nov. 28, 2012 Order** Dismissing FAC Against First American Title Company;

  (3)   **Dec. 4, 2012 Order** Dismissing FAC Against Fidelity National Title Company

MINUTES FORM 90                                                Initials of Deputy Clerk ___jmb____
CIVIL - GEN

Erik Benham ("Benham" or "Appellant") is proceeding *pro se* and in forma pauperis.[1] Benham was the debtor in United States Bankruptcy Court Case No. 9:08-bk-11432-RR and the plaintiff in Adversary Proceeding No. 9:12-AP-01056-RR against fifteen defendants. By a series of five orders issued in November and December 2012, the bankruptcy judge granted all the defendants' motions to dismiss Benham's First Amended Complaint ("FAC"). The defendants have not contested the validity or timeliness of Benham's notices of appeal as to three of those five orders. The Court has considered Benham's opening brief on appeal and his accompanying declaration and exhibits (Documents ("Docs") 44-45); the response brief and exhibits of Sequioa Equities Inc., Sequioa Financial Solutions IV LLC, Sequioa Debt Ventures Inc., Sequoia Ventures Group Inc., Inland Community Bank, California Funding, Roger Hoss, Nipomo Real Estate Group LLC, and Ban Consulting Services LLC ("the Sequioa Defendants") (Docs 50-52); the response brief of defendant-appellee Fidelity National Title Company ("Fidelity") and attachments (Docs 55-58); the response brief and materials of defendant-appellee First American Title Company ("First American") (Docs 59-60); and appellant Benham's reply brief (Doc 65). The appellees contend that these appeals should be dismissed for lack of standing or, in the alternative, denied for lack of merit. **For reasons set forth below, the Court will dismiss this action due to Benham's failure to establish that he has bankruptcy appellate standing as to these orders.**

Benham has appealed from these three orders of the bankruptcy judge:[2]

---

[1] This Court granted Benham's motion to proceed in forma pauperis but denied his motion for appointment of counsel, *see* Docs 8 and 11. Appellant filed a motion for recusal (Doc 8); this Court denied recusal, *see In re Benham*, 2013 WL 1397082 (C.D. Cal. Feb. 21, 2013) (Doc 11), and denied reconsideration, *see In re Benham*, 2013 WL 3872185 (C.D. Cal. May 29, 2013) (Doc 29).

[2] Previous Rulings: Four Bankruptcy Court Defendants are Not Parties to this Appeal. By Order issued March 21, 2013 (Doc 16), the Court ruled that Benham had failed to make defendants Joseph Eisenberg ("Eisenberg") and Nipomo Acquisitions, LLC ("Nipomo Acquisitions") parties to this appeal because he did not timely file a valid notice of appeal with regard to the Bankruptcy Court order which dismissed them. The undersigned issued an Order in January 2014 (Doc 71) denying the ensuing motion for reconsideration.

The Court also ruled that Benham failed to make defendants Multibank 2009-1 RES-ADC Venture LLC ("Multibank") and Rialto Capital Management LLC ("Rialto") parties to this appeal because he did not timely

November 28, 2012 Order dismissing the FAC against First American, *see* Doc 30 at 24-27;

November 29, 2012 Order dismissing the FAC against the Sequioa Defendants, *see* Doc 30 at 28-34;

December 4, 2012 Order dismissing the FAC against Fidelity, *see* Doc 30 at 41-46.

It has not been disputed that debtor-appellant Benham's original and/or amended notice of appeal was proper as to these three Bankruptcy Court orders, covering the eleven defendants listed in the caption.[3]

BANKRUPTCY APPELLATE STANDING: LEGAL STANDARD

The Supreme Court unanimously applied its principles of standing in *Susan B. Anthony List v. Driehaus*, – U.S. –, 134 S. Ct. 2334 (2014). The Supreme Court began by noting that Article III of the Constitution limits the jurisdiction of the federal courts to "cases" and "controversies", U.S. Const. Art. III, § 2, and explaining that "[t]he doctrine of standing gives meaning to those constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.'" *SBA List*, 134 S. Ct. at 2341 (quoting *Lujan v.*

---

file a valid notice of appeal with regard to the Bankruptcy Court order which dismissed them. *See In re Benham (Benham v. First American Title Co. et al.)*, No. LA CV 13-00205-VBF Doc 27, 2013 WL 3872182 (C.D. Cal. May 14, 2013). The undersigned issued an Order on September 8, 2014 denying the ensuing motion for reconsideration (Doc 74 at 3-9). That same Order denied Benham's motion for leave to file a late Second Amended Notice of Appeal to rectify the deficiencies in the first two notices of appeal (Doc 74 at 9-12).

[3]

In its response, First American makes a belated, half-hearted, and undeveloped assertion that Benham's notices of appeal did not effect an appeal from the Bankruptcy Court order which dismissed First American. *See* Doc 59 at 10 n.3 ("Although First American believes that Appellant failed to strictly comply with the applicable procedural rules, Appellee has proceeded in this Appeal as if it was [sic] a properly named Appellee.").

Even if this assertion were timely, First American fails to support it with argument or citation to authority. "'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *United States v. Santillana*, 540 F.3d 428, 433 n.1 (6th Cir. 2008) (Ann Aldrich, D.J., by designation) (citation omitted). "'It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'" *In re Harchar*, 694 F.3d 639, 643 n.3 (6th Cir. 2012) (Richard Allen Griffin, J.) (citation omitted), *reh'g & reh'g en banc denied* (9th Cir. Oct. 18, 2014).

*Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130 (1992)).  "The law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches."  *Clapper v. Amnesty Int'l USA*, 568 U.S. –, –, 133 S. Ct. 1138, 1146 (2013).

**As the party invoking appellate jurisdiction, Benham has the burden of establishing that he has appellate standing.**  *See SBA List*, 134 S. Ct. at 2342 (citing *Clapper*, 568 U.S. at –, 133 S. Ct. at 1448); *accord In re Hope 7 Monroe Street Ltd. P'ship*, 743 F.3d 867, 872 (D.C. Cir. 2014) ("As in other jurisdictional contexts, the party invoking appellate jurisdiction to review a bankruptcy court order has the burden of demonstrating prudential standing.") (citing *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 118 (1st Cir. 2001)); *Rohm & Hass Texas, Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 208 (5th Cir. 1994) ("[T]he putative appellant shoulders the burden of alleging facts sufficient to demonstrate that it is a proper party to appeal.").  The Court determines bankruptcy appellate standing by reference to the facts as they stood when the appellant filed the notice of appeal.  *See McCormack v. Hiedeman*, 694 F.3d 1004, 1023-24 (9th Cir. 2012) ("'Standing is determined by the facts as they exist at the time the complaint is filed.'") (quoting *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001) and citing *ACLU of Nevada v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006)).

**To establish Article III standing outside the bankruptcy context, a plaintiff or appellant must show** (1) "an injury in fact", (2) a sufficient "causal connection between the injury and the conduct complained of", and (3) a "likel[ihood]" that the injury "will be redressed by a favorable decision."  *See SBA List*, 134 S. Ct. at 2341 (quoting *Lujan*, 504 U.S. at 560-61, 112 S. Ct. 2130) (brackets and bracketed text in *SBA List*).  The Supreme Court emphasizes that the injury-in-fact requirement "helps to ensure that the plaintiff [here, the appellant] has a 'personal stake in the outcome of the controversy.'"  *SBA List*, 134 S. Ct. at 2341 (quoting *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197 (1975)).  To satisfy Article III, the alleged injury to appellant must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  *SBA List*, 134 S. Ct. at 2341 (quoting *Lujan*, 504 U.S. at 560) (internal quotation marks omitted).  An allegation of future injury may suffice only if the threatened injury to appellant is "certainly impending" or if there is a "substantial risk" that the harm will occur.  *See SBA List*, 134 S. Ct. at 2341 (quoting *Clapper*, 568 U.S. at — and — n.5, 133 S. Ct. at 1147 and 1150 n.5 (internal quotation marks omitted and emphasis deleted by *SBA List*).

**More specifically, appellate standing in bankruptcy is determined by applying the "person aggrieved" test,** which reflects the principle that "only one who is directly and adversely affected pecuniarily has standing to appeal a bankruptcy court's order." *Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 917 (9th Cir. BAP 1999). Significantly, the person-aggrieved test for appellate bankruptcy standing is more exacting than the requirements for general Article III standing. *See Morrison Hecker LLP (In re Dexter Distributing Corp.)*, 2010 WL 6466583, *4 n.14 (**9th Cir.** BAP 2010) (quoting *In re Andreuccetti*, 975 F.2d 413, 416 (**7th Cir.** 1992)). *Accord In re Heatherwood Holdings, LLC*, 746 F.3d 1206, 1216 (**11th Cir.** 2014) ("'Bankruptcy's person[-]aggrieved doctrine restricts standing more than Article III standing, as it allows a person to appeal only when they are 'directly and adversely affected pecuniarily by the order.'") (citation omitted); *In re AFY*, 734 F.3d at 189 ("Appellate standing in bankruptcy cases is more limited than Article III standing or the prudential standing requirements associated therewith.") (citations omitted); *In re W.R. Grace & Co.*, 532 F. App'x 264, 268 n.5 (**3d Cir.** 2013) ("Because we conclude that Garlock lacks bankruptcy standing, it also lacks bankruptcy appellate standing, which is 'more limited than standing under Article III.'") (quoting *In re PWS Holding Corp.*, 228 F.3d 224, 228 (3d Cir. 2000)); *In re Coho Energy, Inc.*, 395 F.3d 198, 202 (**5th Cir.** 2004) (calling the person-aggrieved standard "an even more exacting standard than traditional constitutional standing").

As the Second Circuit has explained, the more stringent nature of the bankruptcy appellate standing test is "'rooted in a concern that freely granting open-ended appeals those persons affected by bankruptcy court orders will sound the death knell of the orderly disposition of bankruptcy matters.'" *In re Barnet*, 737 F.3d 238, 242 (**2d Cir.** 2013) (citation omitted). **Under the person-aggrieved test**, the nature, impact, and immediacy of the pecuniary interest of the bankruptcy appellant will generally determine whether he has sufficient stake in a proceeding's outcome to have appellate standing. *See In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983).

<u>Benham Fails to Establish that he Has Bankruptcy Appellate Standing as to any of the Three Orders</u>

As the Sequioa defendants correctly note, "[t]he Ninth Circuit has held that attendance and objection to the relevant matter" in the U.S. Bankruptcy Court "are prerequisites to fulfilling the 'person aggrieved' test for

determining standing to appeal under the United States Bankruptcy Code."[4]  Doc 50 (Answering Brief of Defendants-Appellees Sequioa Equities Inc. et al.) at 18 (citing *Brady v. Andrew (In re Commercial Western Fin. Corp.)*, 761 F.2d 1329, 1335 (9th Cir. 1985) (relying on, *inter alia*, *Rose v. Bank of America, Nat'l Trust & Savings Ass'n (In re Rose)*, 86 F.2d 69 (9th Cir. 1936)); *see also* Doc 59 at 24 (same proposition and citation by defendant-appellee First American).  *Accord In re Ray*, 597 F.3d 871, 874 (7th Cir. 2010) ("'Prerequisites for being a person aggrieved are attendance and objection at a bankruptcy court proceeding.'") (quoting *In re Schultz Mfg. & Fabricating Co.*, 956 F.2d 686, 690 (7th Cir. 1992) (citing *In re Commercial Western Fin. Corp.*, 761 F.3d at 1335)).  *Cf., e..g., In re Wathen*, 412 F. App'x 13, 14 (9th Cir. 2011) (Reinhardt, Hawkins, N.R. Smith) ("[A]lthough appellant Melissa Stine received ample notice of the proceedings before the BAP, she failed to appear and participate in the resolution of that appeal.  Under *In re Commercial W. Fin. Corp. . . .* , an appellant lacks standing to challenge a decision rendered without her participation or objection, . . . .") (citation omitted).  A sister court has aptly explained the reasons for predicating bankruptcy appellate standing on the appellant's participation and opposition to the challenged order below:

> When a party to litigation receives notice that a matter will be heard, it is his duty to appear at the hearing and present to the court evidence and legal authorities which will be of aid to the court in making its decision.  If he does not do so, the court must make its decision without the benefit of any evidence which such person might have made available, and the court must act upon the presumption that persons who are absent are not interested in the matter before it or will be satisfied with such decision as the court may make.
>
> To permit persons who did not participate in proceedings of which they are on notice to complain of the result of such proceedings would cause unlimited confusion and even disrespect of the courts and their authority.

---

[4] This requirement may not apply to the U.S. Bankruptcy Trustee.  *See Heath v. American Express Travel Related Servs. Co., Inc. (In re Heath)*, 331 B.R. 424, 429 (9th Cir. 2005).

*Fairly Bike Mfg. Co., Ltd. v. Schwinn Plan Committee (In re Schwinn Bicycle Co.)*, 209 B.R. 887, 892 (N.D. Ill. 1997) (quoting *In re Mifflinburg Body Co.*, 54 F. Supp. 560, 561 (M.D. Pa. 1944)) (paragraph break added).

Each set of defendants-appellees states that appellant Benham "did not file any opposition to the motions to dismiss, nor did he appear at the [motion] hearing on November 27[, 2012]" in the Bankruptcy Court. *See* Doc 50 (Answering Brief of Defendants-Appellees Sequioa Equities, Inc., et al.) at 18 (citing Eisenberg Appendix - Appeal Docket Doc 32-20, Transcript of Proceedings, page 1604:18-22 and page 1606:21 through 1607:5); *see also* Doc 59 (Responsive Brief of Defendant-Appellee First American Title Company) ("Appellant did not file an opposition to any of the Motions to Dismiss.") (citing Eisenberg App. Exhibit ("Ex") 20 at 3:5); Doc 55 (Fidelity National's Response Brief) at 21 ("When the Bankruptcy Court heard and denied Benham's motion for remand of the case to state court, or that the bankruptcy court abstain from the exercise of its jurisdiction, the Court set the hearing on the motions of Fidelity and the other defendants for November 27, 2012. *Benham did not file oppositions to the motions and did not attend the hearings [sic]*.") (emphasis added).

**Significantly, Benham's reply does not contest these statements.** Benham does not even make a conclusory assertion that he lodged oral or written opposition to these defendants' dispositive motions in the bankruptcy court, let alone provide record citations to show that he did so. Rather, Benham states only that he actively litigated many matters in the Bankruptcy Court in this case, and in other cases, *other than these defendants' dispositive motions*. *See* Doc 65 (Reply) at 4-5 n.2 ("Note, Appellant appeared, replied, objected, and attended through some sort of communication leading to over 650 docket entries in the Appellant[']s bankruptcy alone; never missing one hearing or opportunity to participate in this travesty of justice. This does not include the over 600 docket entries in the Maria Vista Estates bankruptcy and the numerous appeals where Appellant is fighting for justice regarding the documented uncontested fraud and malfeasants [sic] by Appellees."). Otherwise, Benham makes assertions in relation to his appellate standing which are at turns legally irrelevant or difficult to decipher. *See, e.g.,* Benham's Reply (Doc 65) at 13 lines 7-10 ("Appellee's rambling on about buzz words and procedure relating to (1) standing, . . . all sound good but once a debtor is converted to chapter 7 or files for chapter 7 the next day is the 'fresh start.'") and *id.* at 14 lines 16-20 ("STANDING:

Appellees would like nothing better than to have the court take their eye off of the narrow issues presented in the complaint. Therefore, the only relevant issue is not when the bankruptcy began but rather when was the Appellant converted from the chapter 11 to the chapter 7, and not even why matters.").

**Accordingly, the Court determines that Benham has conceded the defendants' representation that he failed to file briefs or deliver oral argument in opposition to the defendants' motions to dismiss or for summary judgment before the Bankruptcy Judge.** *Cf. Schmidt v. IRS*, 1995 WL 785895, *7 (E.D. Cal. Dec. 19, 1995) ("[Certain evidence presented by the Commissioner] would seem to buttress the assertion that the information sought was not already within the Commissioner's possession. In reply, petitioner offers *no* reply. The court will therefore deem the matter admitted and the third step satisfied."); *Rolfe v. State of Arizona*, 578 F. Supp. 1467, 1472 (D. Ariz. 1983) ("Defendants failed to respond to this argument, other than to assert the contrary (without citation) in their reply on their motion for summary judgment. The matter could be deemed admitted. Local Rule 11(h)."); *DeSilva v. HUD*, No. 12-366, – F. Supp.2d –, 2014 WL 1389571, *5 n.7 (D.D.C. Apr. 10, 2014) ("The defendant additionally states that it has withheld the documents pursuant to FOIA ex (b)(4). The plaintiff opted not to file a reply memorandum challenging the defendant's withholding, and thus has conceded the point.") (citing, *inter alia*, *Cannon v. Wells Fargo Bank, N.A.*, 952 F. Supp.2d 1, 11 (D.D.C. 2013) (deeming matters conceded where the plaintiff's reply brief "omitted any reference to the defendants' opposition"); *Beeding v. Hines Cty., Mississippi*, 2013 WL 6061338, *5 (S.D. Miss. Nov. 18, 2013) ("In their belated reply, Defendants acknowledge but fail to respond to Beeding's argument that they waived the statute-of-limitations defense. The issue is deemed conceded."); *Ricci v. Kerry*, 2013 WL 5329049, *11 (D.D.C. Sept. 23, 2013) ("In its opposition brief, State argued that none of Ricci's claimed injuries rose to the level of 'irreparable' injury. Surprisingly, Ricci failed to respond to these arguments altogether, . . . . Nor did Ricci touch on this issue whatsoever during oral argument. The Court thus deems State's arguments on this point conceded, . . . .") (citing, *inter alia*, *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997)), *appeal dismissed*, No. 13-5346, 2014 WL 590987 (D.C. Cir. Jan. 29, 2014).[5] Moreover, in a declaration attached to his opening brief, appellant Benham

---

[5] *Cf. Vita-Herb Nutriceuticals, Inc. v. Probiohealth, LLC*, 2012 WL 3903454, *1 n.2 (C.D. Cal. Sept. 6, 2012) (Carter, J.) ("Defendant filed no reply to Plaintiff's Responses and Objections to Defendant's Statement

affirmatively states, "I bring the appeal as well, *no appearance at the hearing, and not providing an opposition brief*, after providing notice to the [bankruptcy] Court regarding the medical condition." Doc 45 at 7 lines 18-20 (emphasis added). Similarly, in his reply brief, Benham acknowledges that he "failed to timely respond to the Appellee's Motion to Dismiss and attend the hearing [on the dispositive motions] for medical reasons." Doc 65 at 18 lines 4-8.

**In his reply brief, appellant Benham tries to argue that his failure to file opposition briefs or to attend the motion hearing was the result of "excusable neglect" under Federal Rule of Civil Procedure 6(b).** Benham states as follows:

> The Appellant was aware of the [sic] motion however filed a motion to continue due to a verified medical condition and subsequent injury. The Appellant was shocked that the Bankruptcy Court held the hearing and granted the motions for summary judgment [and motions to dismiss]. Appellant is experiencing a medical condition verified by the Appellees as a result of the deposition of Dr. Amir. Therefore, Appellant requests as part of this appeal the Court find that Appellant[']s failure was the result of mistake, inadvertence, excusable neglect, or clerical error [sic] and to consider the merits of the ongoing medical condition confirmed by Dr. Amir.

> In the Rule 6(b) context, the Supreme Court has stated that "although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co.*

---

of Uncontroverted Facts . . . . Thus, Defendant is deemed to have conceded the additional facts in this document for which Plaintiff provided evidence."), *recon. denied*, 2013 WL 271713 (C.D. Cal. Jan. Jan. 23, 2013); *Kirksey v. Frank*, 2011 WL 1230345, *1 n.1 (D. Haw. Mar. 31, 2011) ("[A]ll facts in Defendants' CSF [Concise Statement of Facts] are deemed admitted, as Plaintiffs have failed to file a CSF rebutting the arguments set out in Defendants' CSF. While the Court recognizes that Plaintiff is pro se, pro se litigants must still follow the same rules of procedure that govern other litigants.") (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

MINOTES FORM 90                                                          Initials of Deputy Clerk ___jmb___
CIVIL - GEN

> *v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 392 (1993) (footnote omitted). Thus, this "elastic concept" may include, under appropriate circumstances, neglect due to simple, faultless omissions to act or carelessness . . . . The determination of whether the Appellant[']s neglect is "excusable" is ultimately "an equitable one, taking account of all relevant circumstances surrounding the party's omission." ... Those factors include evaluating the danger of prejudice to the non-moving party, the length of delay and its potential impact on the court's proceedings, the reason for the delay, including whether the delay was in the movant's control, and whether the movant acted in good faith . . . .
>
> Even if the failure to respond was the Appellant's own fault due to a documented illness, there is nothing in the record to suggest that Appellant knowingly, willfully, or purposefully disregarded the [motion] response deadline, or that he simply let things go in the case. This fact is supported by the medical request discussed further below.

Doc 65 at 18-19.

**However, the defendants persuasively demonstrate that the bankruptcy court did not act unreasonably or unjustly in refusing to extend the October 19, 2012 deadline for filing oppositions to the dispositive motions or to continue the November 27, 2012 motion hearing due to Benham's claim of medical difficulties.** As appellee First America points out, Benham filed his first request to extend the motion briefing deadlines on July 3, 2012 (Appellee Appendix L), attaching only an unauthenticated one-page letter signed by Ahmad Amir, M.D., which stated, "Mr. Erik Benham is under my care for a serious op[h]thalmic condition. He will not be able to do any work that required [sic] prolonged reading or visual activities until July 6 [stricken by hand and replace by 9] at which point he will be reassessed." *See* Doc 59 at 24-25 (quoting Appellee Appendix M). The bankruptcy judge issued an Order on July 13, 2012 directing Benham to produce specific evidence of his medical limitations as follows:

> The Court finds the documents filed in support of Plaintiff's application are vague and insufficient. Accordingly, IT IS HEREBY ORDERED that if Plaintiff believes he is entitled to a delay for medical reasons, he must file further specific and detailed evidence as to his inability to participate in the briefing schedule. This would include hospitalization records and/or detailed medical records of the attending doctor. Such additional evidence may be filed under seal with a confidential copy to be provided to Mr. Eisenberg.

Appellee Appendix Ex M (Bankruptcy Judge Riblet's July 13, 2012 Order). As appellee First American rightly complains, "Appellant does not inform the Court that on July 25, 2012, he filed a motion for reconsideration of the Bankruptcy Court's July 13, 2012 Order, which motion was promptly granted by the Bankruptcy Court by the order entered on July 26, 2012 . . . ." Doc 59 at 25. The Bankruptcy Court's July 26, 2012 order provided as follows:

> [T]he Court's prior order of July 13, 2012 is amended to clarify that the requested medical records are specifically limited to the treatment and diagnosis of Plaintiff's eye condition which he alleges currently prevents him from preparing briefs. It was never the intent of the original order that all medical records were requested or deemed relevant.

Appellee Appendix Ex N at 2. Appellant Benham fails to cite to the record or otherwise demonstrate that he produced appropriate, sufficiently detailed medical records regarding his alleged eye condition and attendant limitations by the date the bankruptcy judge ordered. About four weeks after said order, at a hearing on August 9, 2012, the bankruptcy judge fixed October 19, 2012 as the deadline for Benham to file responses to the various defendants' motions to dismiss or for summary judgment. *See* Doc 59 at 25 (citing Eisenberg Appendix Ex 20 at 3). Despite having more than two months to prepare response briefs, Benham never filed any substantive response to the dispositive motions. Instead, Benham waited until October 22, 2012, three days *after* the response-brief deadline, to file a second request for an extension of time. The bankruptcy judge stated on the record that he "did not even consider his request, since he had filed it after the deadline" and that, in any event,

"Again Mr. Benham did not provide anything remotely satisfactory for a continuation." Doc 59 at 25-26 (quoting Eisenberg Appendix Ex 20 at 3).

**As appellee First American notes (Doc 59 at 26-27), Benham has not shown that was entitled to an extension of opposition time from the bankruptcy judge under either of the avenues permitted by Fed. R. Civ. P. 6b)(1).** Federal Rule of Civil Procedure 6(b)(1), Extending Time - In General, provides as follows:

> When an act may or must be done within a specific time, the court may, for good cause, extend the time:
>
> (A)   with or without motion or notice if the court acts, or if a request is made, *before the original time or its extension expires*; or
>
> (B)   on motion made after the time has expired if the party failed to act because of excusable neglect.

Emphasis added. Because Benham did not file his second request for an extension of time until after the opposition deadline which he sought to extend, he did not qualify for an extension pursuant to Rule 6(b)(1)(A). That left Benham with Rule 6(b)(1)(B), which required him to show the bankruptcy judge that it was excusable neglect that caused Benham not to file any opposition briefs by the deadline. **The Court agrees with appellee First American that Benham's second extension request in the bankruptcy court failed to show excusable neglect because it failed even to mention excusable neglect.** Rather, Benham's second extension request "consist[ed] only of Appellant's own declaration and copies of two handwritten notes, which are not authenticated": the first note was from Pacific Eye and read only "Please excuse from work 10-15-12 to 10-22-12. A[t] that time will re access [sic]", while the second note was from Ryan Allen, D.O., and read "Off work due to neck pain 10/12/12 - 10/26/12." Doc 59 at 27 (quoting Appellee Appendix Ex P at 8 and 9).

Thus, even if the Pacific Eye and Dr. Allen notes were admissible, they showed at most that Benham was medically unable to work on opposition briefs from October 12 through October 26, 2012. Benham's second

extension request and its attachments provided no basis for the bankruptcy court to conclude that Benham's failure to file an opposition brief by the October 19, 2012 deadline constituted "excusable neglect", particularly because Benham was informed on August 9, 2012 that opposition briefs were due on October 19, 2012, and Benham's medical notes allege no limitations during the period from August 9, 2012 through October 11, 2012. **In short, the Court determines that the Bankruptcy Judge did not abuse his discretion or act unreasonably or unjustly in denying Benham's timely first request for an extension of opposition time and his second, untimely request for such an extension.** *See generally Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (denial of request for extension of time is reviewed only for abuse of discretion).

That leaves intact this Court's finding that Benham failed to file opposition briefs or deliver oral argument in opposition to these defendants' dispositive motions. The Court now further finds that Benham failed to present the bankruptcy court (or this Court) with evidence establishing a legally valid reason for those failures. Having failed to substantively oppose these defendants' dispositive motions in bankruptcy court despite ample time and opportunity to do so, Benham does not qualify as "a person aggrieved" as required for bankruptcy appellate standing in our circuit. **On this basis, Benham's appeals from the bankruptcy court's orders dismissing his FAC against these eleven defendants must be dismissed.** *See Associated General Contractors of America, San Diego Chapter, Inc. v. Calif. Dep't of Transp.*, 713 F.3d 1187, 1195 (9th Cir. 2013) ("Because AGC has failed to establish standing, we must dismiss the appeal for lack of jurisdiction.") (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 492-93, 129 S. Ct. 1142, 1148-49 (2009)); *accord Cabral v. City of Evansville, Indiana*, No. 13-2914, – F.3d –, 2014 WL 2873954, *5 (7th Cir. June 25, 2014) ("[T]his appeal must be dismissed for lack of standing."); *C&A Const. Co. v. DHC Development*, 501 F. App'x 763, 775 (10th Cir. 2012) ("In sum, C&A has not met its burden to establish its standing to appeal, and must be dismissed as a party.").

**Because Benham has failed to carry his burden of showing that he has standing to appeal the Bankruptcy Court's three Orders dismissing his FAC against these eleven defendants, the Court need not and may not reach the merits of the appeals.** *Accord In re Lebbos*, 2010 WL 1558684, *3 n.5 (E.D. Cal. Apr. 19, 2010) (Damrell, J.) ("Because appellant lacks standing to bring this appeal, the Court need not reach the

substantive merits of appellant's arguments concerning the propriety of the bankruptcy court's contempt findings.").

ORDER

This appeal is **DISMISSED with prejudice for lack of bankruptcy appellate standing.**

This case is **TERMINATED** and closed.

This is a final and immediately appealable order.

IT IS SO ORDERED.